José A. Campos, demandante y apelante, *v.* Manuel Vendrell, demandado y apelado. Salustiano Lacourt, demandante y apelante, *v.* Manuel Vendrell, demandado y apelado.

No. 5430. *Sometido:* Mayo 7, 1931. *Resuelto:* Mayo 18, 1931.

*Pascasio Fajardo Martínez,* abogado del apelante; *Manuel A. García Méndez,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Bajo el número 5430 acumuláronse en esta Corte Suprema los recursos de apelación interpuestos en dos pleitos seguidos en la Corte de Distrito de Mayagüez por José A. Campos y Salustiano Lacourt contra Manuel Vendrell en reclamación de daños y perjuicios sufridos a consecuencia de un mismo accidente. Ambos pleitos fueron fallados en contra de los demandantes.

En su alegato de ochenta y tres páginas, señalan los apelantes la comisión de seis errores que podrían reducirse a uno, a saber: error en la apreciación de las pruebas.

La relación del caso y opinión que sirvió de base a la sentencia dictada en el caso de Campos, dice, en lo pertinente, así:

"La Corte, conforme a la evidencia aportada por ambas partes, considera probados los siguientes hechos esenciales:

"Que el demandante, José A. Campos, siendo mayor de edad y vecino de Mayagüez, de ocupación *chauffeur*, en o allá para el día 21 de junio de 1928 y como a las diez y media de la mañana, en la carretera pública Insular No. 2 que conduce de esta ciudad de Mayagüez al pueblo de Rincón y en el sitio que dicha carretera cruza el Barrio de Hatillo, del Municipio de Añasco, y al conducir como *chauffeur* el automóvil marca 'Chevrolet', tablilla P–260 y perteneciente dicho vehículo a Salustiano Lacourt, tuvo un accidente, consistiendo dicho accidente en que entre el automóvil P–260, guiado allí y entonces por el demandante y otro automóvil *truck* 'Graham Brothers', tablilla No. HP–85 y propiedad del demandado, Manuel Vendrell y guiado por éste, hubo un choque o colisión, resultando ambos vehículos con serios desperfectos y habiendo recibido el demandante, José A. Campos, y como resultado próximo y único de dicho choque, lesiones en diferentes partes del cuerpo. . . . . .

"Cons derada y pesada cuidadosamente toda la evidencia aportada a fin de determinar cuál fué la causa de dicho accidente, el que tuvo lugar al darse alcance ambos vehículos, los que caminaban en direcciones opuestas, la Corte llega a la conclusión que de toda la evidencia aportada tanto por el demandante como por el demandado, surge un conflicto de prueba, que este Tribunal, tomando en consideración muy especialmente la forma en que declararon y se condujeron los testigos de una y otra parte en el acto del juicio, resuelve dicho conflicto de prueba a favor del demandado, por entender que el demandante ha dejado de probar y no ha probado la culpa y negligencia que le imputa el referido demandante al demandado en este caso, todo conforme a lo sostenido por la siguiente jurisprudencia: (varias citas).

"Habiendo establecido su demanda el demandante en el presente caso, fundada en el artículo 1803 del Código Civil, y habiendo resuelto la Corte el conflicto de prueba en cuanto a la causa del accidente en este caso a favor del demandado, y por tanto, habiendo

considerado la Corte que el demandante ha dejado de probar y no ha probado la negligencia del demandado en dicho accidente, no pasa a considerar la evidencia aportada por dicho demandante en apoyo de los daños y perjuicios que alega en su demanda haber sufrido, por entender la Corte que no habiendo probado dicho demandante la culpa y negligencia del demandado, huelga considerar los daños y perjuicios que alega el demandante haber recibido en el accidente en cuestión.''

El caso de Lacourt se sometió de común acuerdo por las partes por la misma prueba practicada en el de Campos. La relación del caso y opinión en que se funda la sentencia, es semejante a la del otro caso.

Como un ejemplo del conflicto de la prueba, transcribimos los siguientes pasajes de las declaraciones del demandante Campos, que guiaba el Chevrolet, y del demandado Vendrell, que guiaba el *truck*.

Dijo Campos:

''Yo venía de Aguadilla como de diez a once de la mañana por el barrio de Hatillo de Añasco por la carretera No. 2 que es una pública de regreso de Aguadilla y ví venir un *truck* muy ligero, dando zig-zags y cuando lo ví venir así detuve mi automóvil, traté de parar, toqué mi bocina y él hizo así y le dió a la parte izquierda de mi carro.''

Y dijo Vendrell:

''P.—¿Con qué iba Ud.?

''R.—Con un *truck* que yo mismo manejaba y en la recta esa de Añasco, al pasar el paso a nivel, divisé un carrito que venía, un automóvil y seguí; y a medida que iba acercándome a él, eché para la derecha, pero observé que se acercaba en la misma dirección, y ya iba cerca y le toqué el *klaxon* y le metí los frenos y paré de repente, y el *chauffeur* del carrito traía la vista inclinada sobre el guía, y el caso fué, que al oír mi *klaxon* metió los frenos, pero no le dió tiempo y quedó en el medio de la carretera y me dió por el frente mío y se desbarataron los dos carros.''

Alrededor de esos hechos surgieron preguntas y respuestas y declaraciones de varios testigos en un sentido y en otro, moviéndose finalmente, al apreciarlos, la conciencia judicial en la forma que ya conocemos.

El análisis que de la prueba hace el abogado de los apelantes revela un esfuerzo extraordinario, pero no puede llevarnos a concluir que la Corte de Distrito cometiera un manifiesto error al dirimir el conflicto en pro del demandado.

■ La circunstancia de que pudiera haberse citado erróneamente por la Corte algún precepto de ley o alguna jurisprudencia como aplicable que en realidad no lo fuera, no constituye error que pueda servir de base a la revocación de la sentencia, cuando ello en nada ha influído en la apreciación de los hechos y la regla de derecho aplicable se deduce como consecuencia única de los hechos mismos.

■ No podemos convenir con los apelantes en que la Corte estaba obligada a entrar en la consideración y tasación de los daños y perjuicios sufridos por los demandantes. No importa que los demandantes recibieran los golpes que recibieron, si dichos golpes, aunque consecuencia del choque, no lo eran de la culpa o negligencia del demandado. Era la culpa o negligencia imputada en la demanda al demandado la que hacía a éste responsable del daño. Creemos que la Corte no tuvo ni siquiera necesidad de detenerse como se detuvo en la minuciosa descripción de las lesiones.

*Debe confirmarse la sentencia recurrida.*